UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **(CHIEF) COL. MICHAEL S. OWL FEATHER-GORBEY,** | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) |
| **WARDEN,** *et al.*, | ) ) ) |
| Respondents. | ) |

Civil Action No. 5:22-00022

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are Petitioner's Motion for Leave to Proceed *in Forma Pauperis* (Document No. 2) and Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1).[1]

## FACTUAL AND PROCEDURAL HISTORY

On December 7, 2021, Petitioner filed in the United States District Court for the District of Columbia his Motion for Leave to Proceed *in Forma Pauperis* and Section 2241 Petition. (Document Nos. 1 and 2.) In his Petition, Petitioner challenging the conditions of his confinement. (Document No. 2.) First, Petitioner argues that "FBOP and Federal courts are colluding together to seize my funds, even EIP Covid-19 Relief funds,[2] to keep me indigent and in a state of poverty" as to deny him access to the Courts. (Id.) Plaintiff complains that prison

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] It appears Plaintiff is referring to Economic Impact Payments that were paid in accordance with the American Rescue Plan Act of 2021.

staff are subjecting him to "imminent dangers, subhuman conditions, actual physical injuries," "threats of physical assault," and denial of medical treatment. (Id.) Plaintiff contends that he is foreclosed any relief because he is subjected to the three-strikes rule under 28 U.S.C. § 1915(g). (Id.) Plaintiff asserts this Federal court is colluding with the FBOP to deny Plaintiff *informa pauperis* status thereby precluding Plaintiff from proceeding with his multiple actions (Case Nos. 5:21-cv-91, 209, 210, 270, 364, 367, and 492). Plaintiff further contends that this Court and the Fourth Circuit Court of Appeals have allowed staff at FCI Beckley to tamper with and delay his incoming and outgoing legal mail. (Id.) Finally, Plaintiff argues that "Federal courts and prison staff are colluding together, or acting in sequence, to discriminate and/or retaliate" against him based upon his religion. (Id.) Petitioner requests injunctive relief and the return of his "$1,608.33 in EIP COVID-19 relief fund." (Id.)

By Order entered on January 10, 2022, the United States District Court for the District of Columbia transferred the above matter to this Court for further proceedings. (Document No. 4.)

## **STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint or petition is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint or petition is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A

claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint or petition therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the petitioner can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Petitioner's allegations in view of applicable law.

## DISCUSSION

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court finds that Petitioner claims are not cognizable under Section 2241 because he is challenging the conditions of his confinement. A Section 2241 petition is used to attack the manner in which a sentence is executed, e.g., time credit calculations. Thus, a Section 2241 petition is appropriate where the prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Ajaj v. Smith, 108 Fed.Appx. 743, 744 (4th Cir. 2004). "If a prisoner seeks a 'quantum change' in his level of custody such as freedom, his remedy is habeas corpus." Campbell v. Deboo, 2011 WL 1694454, * 2 (N.D.W.Va. May 4, 2011). If a prisoner, however, "seeks a different program, location, or environment, his challenge is to the condition of his confinement rather than the fact of his confinement and his remedy is under civil rights law." Id.; also see Biedrzycki v. O'Brien, 2011 WL 6748505 (N.D.W.Va. Oct. 14, 2011)(dismissing petitioner's Section 2241 claim where petitioner was "merely challenging the B.O.P.'s reliance on information in his PSR that was used to determine his custody classification and security level, neither of which affect the duration of his sentence").

In the instant case, Petitioner is clearly challenging the conditions of confinement. A Section 2241 petition is an improper avenue in which to challenge conditions of confinement under the Eighth Amendment. See Rivernider v. Joyner, 2018 WL 4560716, fn. 2 (D.S.C. Jan. 17, 2018)(dismissing petitioner's claims concerning the conditions of his confinement to the extent such claims were asserted in his Section 2241 action); Roudabush v. Warden, 2018 WL 3979858, * 1 (D.S.C. July 18, 2018)(finding a Section 2241 petition improperly raised claims of harassment, unsanitary food, and lack of mental health care); Hargrove v. Masters, 2017 WL 712758 * 2 (S.D.W.Va. Feb. 23, 2017)(J. Faber)(finding that petitioner's challenge to his conditions of confinement was properly construed as a Bivens action "because 'challenges to the conditions of [] confinement are not cognizable under § 2241, but instead must be pursued through a Bivens action…'"); Crooker v. Stewart, 2015 WL 1210209, * 3 (D.Md. March 13, 2015)(finding that alleged violations of the Eighth Amendment should be addressed by a Bivens or Section 1983 action, not in a Section 2241 petition). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Therefore, Plaintiff's allegations challenging the conditions of his confinement under the Eighth Amendment are properly asserted in a Bivens action. The undersigned, therefore, respectfully recommends that Petitioner's Section 2241 Petition be dismissed as the claims asserted therein are not cognizable under Section 2241.[3]

---

[3] Plaintiff has initiated ten *Bivens* actions challenging the conditions of his confinement. The undersigned has entered Proposed Findings and Recommendations ("PF&R") that six of the *Bivens* actions filed by Plaintiff be dismissed based upon the three-strikes rules. *See* Case Nos. 5:21-00091, 5:21-00209, 5:21-00210; 5:21-00270; 5:21-00593; 5:22-00053. United States District Judge Frank W. Volk has adopted the undersigned's PF&Rs in four of those cases and the other two are currently pending. In three other *Bivens* actions, United States District Judge Thomas E. Johnston has dismissed each based upon the three-strikes rule. *See* Case Nos. 5:21-00354, 5:21-00373, 5:21-00395. Finally, one *Bivens* action is currently pending before

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Motion for Leave to Proceed in Forma Pauperis (Document No. 2) and **DISMISS** Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

---

United States District Judge Joseph R. Goodwin. *See* Civil Action No. 5:21-cv-00673. Petitioner is clearly trying to circumvent the three-strikes rule of 28 U.S.C. § 1915(g) by filing the above Section 2241 Petition. The undersigned notes that Petitioner has filed three other Section 2241 actions wherein he attempted to challenge the conditions of his confinement. *See* Case Nos. 5:21-00367, 5:21-00387, and 5:21-00492. By Memorandum Opinion and Injunction Order entered on February 4, 2022, United States District Judge Frank W. Volk enjoined Plaintiff "from filing any new civil action in the United States District Court for the Southern District of West Virginia relating to the deprivation of his constitutional rights through alleged bias, prejudice, or collusion of governmental actors unless he first obtains leave of the Court through the procedure outlined in this Memorandum Opinion and Order, pays the filing fee in full, or obtains representation by an attorney duly licensed to practice law in the state of West Virginia and admitted before this Court." (Civil Action No. 5:21-cv-00367, Document No. 30 and Case

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Volk and this Magistrate Judge.

    The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

    Date: February 9, 2022.



Omar J. Aboulhosn
United States Magistrate Judge

No: 5:22-mc-00019.)