## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY,

               Petitioner,

v.                                                   CIVIL ACTION NO. 5:22-cv-00022

WARDEN, Beckley FCI,
U.S. ATTORNEY GENERAL,
DISTRICT OF COLUMBIA,

               Respondents.

### MEMORANDUM OPINION AND ORDER

Pending is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 by Petitioner (Chief) Col. Michael S. Owl Feather-Gorbey. [Doc. 1]. He filed the Petition in the United States District Court for the District of Columbia on December 7, 2021. The case was transferred to the Court on January 10, 2022. [Doc. 4]. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on February 9, 2022. [Doc. 6]. Magistrate Judge Aboulhosn recommended the Court deny Petitioner's Motion for Leave to Proceed in Forma Pauperis [Doc. 2]; dismiss the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. 1]; and dismiss the matter. Mr. Feather-Gorbey objected to the PF&R and challenges the Court's jurisdiction. [Docs. 7, 8].

## I.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Further, the Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## II.

Mr. Feather-Gorbey challenges the Court's jurisdiction over this matter. Specifically, he claims the Court does not have jurisdiction over the defendants because they are not within the Southern District of West Virginia. He admits, however, that certain acts alleged in the Petition occurred in this District. [Doc. 7 at 1]. He requests the case be transferred back to the United States District Court for the District of Columbia.

Mr. Feather-Gorbey's Petition challenges the conditions of confinement at FCI Beckley.[1] He contends the Court does not have jurisdiction because "the Complaints relate to the

---

[1] As discussed below, conditions of confinement cannot be presented in a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and the matter must be dismissed. Thus, the jurisdictional provisions of the statute are inapplicable to the asserted claims. 28 U.S.C. § 1331 – 1332 determine the appropriate basis of jurisdiction.

D.C. Employee's Negligent wrongful act or ommission [sic] in D.C. in regards to those acts in West VA & therefore venue is proper in the Federal Court District of Columbia." [Doc. 7 at 1]. Yet his allegations in the Petition contain actions that occurred within this District. Specifically, he alleges (1) the Bureau of Prisons ("BOP") and federal courts colluded to seize "EIP COVID-19 relief funds" from his account; (2) he is subject to threats and physical injuries and denied medical treatment for the same; (3) the Court has colluded with the BOP to delay relief; (4) staff at FCI Beckley impedes access to his mail; and (5) the Court and FCI Beckley staff colluded to discriminate and retaliate against him. [Doc. 1 at 6 – 8]. Neither his Petition nor objections contain information to suggest these actions took place anywhere other than within this District.

The Court **OVERRULES** the objections to the Court's jurisdiction and **DENIES** the request to transfer the case back to the United States District Court for the District of Columbia.

## III.

Mr. Feather-Gorbey objects to the Undersigned, Chief Judge Johnston, Magistrate Judge Aboulhosn, or Magistrate Judge Tinsley presiding over the case. [Doc. 8 at 2]. He contends these judges have personal biases against him and have continually abused their discretion in the disposition of his previous cases. [*Id.*]. Further, he contends the issuance of a prefiling injunction against him constitutes a prohibitive financial barrier. [*Id.* at 4]. He asserts the same bases for recusal as previously asserted and denied in prior cases. *See, e.g., (Chief) Col. Michael S. Owl Feather-Gorbey v. Williams*, 5:21-cv-00673 (*Bivens* action against the undersigned and eighty-two other defendants alleging, *inter alia*, collusion to prejudice Mr. Feather-Gorbey); *(Chief) Col. Michael S. Owl Feather-Gorbey v. U.S. Attorney General*, 5:21-cv-00593, Doc. 5 (motion to recuse Magistrate Judge Aboulhosn and the Undersigned for bias and personal interests in the

matter); *(Chief) Col. Michael S. Owl Feather-Gorbey v. Warden*, 5:21-cv-00583, Doc. 8 (motion to recuse the Undersigned, Chief Judge Johnston, and Magistrate Judges Aboulhosn and Tinsley for bias and prejudice); *(Chief) Col. Michael S. Owl Feather-Gorbey v. Morris*, 5:21-cv-00091, Doc. 34 (motion to recuse the Undersigned and Magistrate Judge Aboulhosn for bias and "ex parte collusion."). Insofar as the objection can be construed as a motion to recuse the Undersigned, the Court denies it for the reasons more fully stated in the cited cases. Mr. Feather-Gorbey has presented no evidence of extrajudicial bias or prejudice to warrant the Undersigned's recusal. Thus, the Court **OVERRULES** the objection.


## IV.

Mr. Feather-Gorbey objects to the Court "falsely alleging I do not mention loss of good time in my petitions to qualify for habeas relief." [Doc. 8 at 3]. This Petition only alleges the aforementioned claims, none of which concern loss of good time. To the extent this objection concerns the Court's statements in another matter, such objections cannot be addressed here.

He further objects to the fact prison conditions are not redressable through a Section 2241 Petition. [*Id.*]. A Petition for Writ of Habeas Corpus brought under 28 U.S.C. § 2241 considers whether the Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A Section 2241 petition is used to challenge the manner in which a sentence is executed, not conditions of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). *See generally Heck v. Humphrey*, 512 U.S. 477, 480 (1994) (analyzing the difference in scope and operation of federal civil rights statute from federal habeas corpus statute). The objections are **OVERRULED**.

## V.

Based upon the foregoing discussion, the Court **ADOPTS** the Magistrate Judge's PF&R **[Doc. 6]**; **OVERRULES** Mr. Feather-Gorbey's objections **[Docs. 7, 8]**; **DENIES** the request to transfer the case back to the United States District Court for the District of Columbia **[Doc. 7]**; **DENIES** the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 **[Doc. 1]**; and **DENIES** Petitioner's Motion for Leave to Proceed in Forma Pauperis **[Doc. 2]**. The Court further **ORDERS** the case **DISMISSED** and **STRIKEN** from the docket.

The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party herein.

ENTER:        March 15, 2022

Frank W. Volk
United States District Judge